UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OSWALT GUY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-187** |
| **ROBERT TANNER, ET AL.** | **SECTION "F"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Oswalt Guy, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants Robert Tanner, Keith Bickham, Gerald Lebo, Damon Breland, Don Wheat, and James M. LeBlanc.

The Court held a Spears hearing in this matter on March 5, 2012. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on the complaint and at the Spears hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

Plaintiff alleges that there are security cameras throughout the B.B. "Sixty" Rayburn Correctional Center, including in the sleeping areas, bathrooms, and showers. Video from the various cameras is displayed on a number of 32-inch monitors in the prison. Plaintiff states that those monitors are viewable by "offenders, employees (male and female), visitors and guests." Plaintiff argues that this violates his right to bodily privacy because such people can view him getting undressed, using the bathroom, and taking showers. At the <u>Spears</u> hearing, plaintiff testified that he has personally seen tour groups at the prison in areas where they would be able to see the security monitors.

Also at the <u>Spears</u> hearing, plaintiff identified his bases for suing the various named defendants. He explained that he sued Gerald Lebo, Damon Breland, and Don Wheat because they installed the video equipment at issue. Plaintiff explained that he sued Robert Tanner, Keith Bickham, and James M. LeBlanc for their respective roles in denying his administrative grievance regarding this matter.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune
>     from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[1] the undersigned recommends that several of plaintiff's claims be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

### A. Gerald Lebo, Damon Breland, and Don Wheat

Based on plaintiff's testimony at the Spears hearing, the Court finds that plaintiff has sued defendants Lebo, Breland, and Wheat for installing the surveillance monitors in such a manner as to violate plaintiff's right to bodily privacy by allowing others to view him undressing, using the bathroom, and taking showers. Although prisoners retain only a minimal right to privacy, including the right to bodily privacy, they nevertheless still have such a right to a limited extent. See Oliver v. Scott, 276 F.3d 736, 744-45 (5th Cir. 2002). However, for the following reasons, the Court finds that plaintiff's claim is nonfrivolous only to the extent that he is alleging that the monitors can be viewed by visitors and guests of the prison.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

As to plaintiff's allegation that prison guards, both male and female, are able to view him on the monitors undressing, using the bathroom, and taking showers, that allegation, even if true, implicates no protected constitutional right. The United States Fifth Circuit Court of Appeals has noted that courts "give great deference to prison administrators' judgments regarding jail security" and that prison regulations regarding security measures are constitutional so long as they are "'reasonably related to legitimate penological interests.'" Oliver, 276 F.3d at 745 (quoting Turner v. Safley, 482 U.S. 78 (1987)). The Fifth Circuit has therefore found that constant surveillance, even cross-sex surveillance, of prisoners is constitutional because it is reasonably related to the legitimate penological interest of maintaining security. The Fifth Circuit explained that a "policy of permitting all guards to monitor all inmates at all times increases the overall level of surveillance. Bathrooms and showers could serve as harbors for inmate-on-inmate violence and sexual assaults." Id. at 746.

The Fifth Circuit further noted that "requiring only male guards to supervise inmates at night and in the showers would have the ripple effect of forcing [the prison] to reassign a high percentage of its prison staff." Id. Such a requirement would not only compromise inmate security but would hamper equal employment opportunities. Id. Therefore, the fact that guards of both genders are able to view the monitors in this case for security purposes simply does not rise to the level of a constitutional violation. See Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992) ("[T]his Court, in an unpublished opinion, has upheld the use of female guards in guard towers giving a full view of male inmates taking showers. Barnett v. Collins, 940 F.2d 1530 (5th Cir.1991) (table, No. 91-1038, unpublished), cert. denied, Barnett v. Collins, 502 U.S. 1077, 112 S.Ct. 980, 117 L.Ed.2d 143 (1992). In Barnett, this Court held that no constitutional violation occurs when naked male

inmates are viewed by female guards if the presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility."); Davis v. Chairman, Texas Board of Criminal Justice, Civ. Action No. 6:10cv646, 2011 WL 2600900, at *1-2 (E.D. Tex. May 27, 2011), adopted, 2011 WL 2669327 (E.D. Tex. July 6, 2011).

To the extent that plaintiff is claiming that his privacy rights are violated because the monitors can also be viewed by his fellow inmates, that claim fares no better. It is not uncommon even outside of prisons for members of the same gender to use communal showers, bathrooms, locker rooms, and dorms with little or no opportunity for bodily privacy. Of course, unlike free individuals, plaintiff has no opportunity to avoid such facilities. Nevertheless, that does not make his claim actionable, because the federal constitution simply does not require that prison officials honor plaintiff's preference not to be seen naked by his fellow inmates of the same gender. See, e.g., Williams v. Martinez, Civ. Action No. 09-cv-02387, 2010 WL 330313, at *2 (D. Colo. Jan. 20, 2010) ("[C]ourts have not extended such a limited right [to bodily privacy] to a prisoner being briefly viewed by prisoners of the same sex."); McGowan v. Cantrell, No. 1:05-cv-334, 2007 WL 2509704, at *12 (E.D. Tenn. Aug. 30, 2007) ("Although there is no question that strip searches and showers in full view of other inmates may be unpleasant, humiliating, and embarrassing to prisoners, not every psychological discomfort a prisoner endures amounts to a constitutional violation.").

On the other hand, to the extent that plaintiff is claiming that he has a limited right to bodily privacy not to be seen naked by prison visitors and guests, he deserves an opportunity to develop that claim more fully. While there may be legitimate penological reasons for the placement of the monitors in question and for allowing visitors and guests access to the areas with those monitors,

6

the claim as alleged is not patently frivolous so as to warrant dismissal at this screening stage of the proceeding. Accordingly, the undersigned recommends plaintiff's claim be allowed to proceed to this limited extent pending further development.

### B. Robert Tanner, Keith Bickham, and James M. LeBlanc

At the Spears hearing, plaintiff testified that defendants Tanner, Bickham, and LeBlanc were sued solely because of their respective roles in denying plaintiff's administrative grievance concerning the monitors. However, even if plaintiff's grievance was wrongly denied, which is an issue this Court need not and does not reach, that would not rise to the level of a constitutional violation. An inmate has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007). Therefore, the claims against these three defendants should be dismissed.

### C. State Law Claims

In the complaint, plaintiff indicates that he is invoking this Court's supplemental jurisdiction over his state law claims.[2] However, plaintiff's complaint references only provisions of federal law, and no such state law claims appear to be asserted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff be allowed to proceed with his federal civil rights claim that Gerald Lebo, Damon Breland, and Don Wheat violated plaintiff's federal constitutional right to bodily privacy by installing and maintaining surveillance monitors in such a manner as to allow prison visitors and guests to view him undressing, using the bathroom, and taking showers.

It is **FURTHER RECOMMENDED** that all of plaintiff's remaining federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[2] Rec. Doc. 2, p. 5.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twentieth day of March, 2012.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.