UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OSWALT GUY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-187-DEK** |
| **ROBERT TANNER, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Oswalt Guy, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, plaintiff alleges that his right to privacy has been violated by the fact that security cameras are located throughout the B.B. "Sixty" Rayburn Correctional Center and that the resulting video is displayed on a number of 32-inch monitors throughout the facility. In earlier rulings, all of his claims were dismissed except for his claims that Gerald Lebo, Damon Breland, and Don Wheat violated plaintiff's federal constitutional rights by installing and maintaining the surveillance equipment in such a manner as to allow prison visitors and guests to view him undressing, using the bathroom, and taking showers.[1]

---

[1] Rec. Docs. 10 and 13.

Those remaining defendants have now filed a motion to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(6).[2] Plaintiff opposes that motion.[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

"Rule 12(b)(6) allows a defendant to move to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'" Drs. Bethea, Mostoukas and Weaver LLC v. St. Paul Guardian Insurance Co., 376 F.3d 399, 403 (5th Cir. 2004) (quoting Fed.R.Civ.P. 12(b)(6)). A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

---

[2] Rec. Doc. 28.

[3] Rec. Doc. 32.

[4] Rec. Doc. 25.

The defendants first raise the issue of qualified immunity. However, the Court need not venture into the quagmire of qualified immunity, because plaintiff's claims fail for the following more fundamental reason also argued by the defendants.

It is axiomatic that "personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, the *only* allegations of personal involvement of Lebo, Breland, and Wheat are that they *installed and maintained* the surveillance equipment. However, such equipment is perfectly legal. The United States Fifth Circuit Court of Appeals has found that constant surveillance of prisoners, even in intimate settings such as bathrooms and showers, is constitutional because it is reasonably related to the legitimate penological interest of maintaining security. See Oliver v. Scott, 276 F.3d 736, 743-46 (5th Cir. 2002). The fact that the surveillance here is accomplished through the use of video technology rather than by direct observation does not change that result. See, e.g., Patin v. LeBlanc, Civ. Action No. 11-3071, 2012 WL 3109402, at *19-20 (E.D. La. May 18, 2012), adopted, 2012 WL 3109398 (E.D. La. July 31, 2012). Therefore, there is simply no basis for holding Lebo, Breland, and Wheat liable under 42 U.S.C. § 1983 in their individual capacities[5] for installing and maintaining *legal* surveillance equipment.

The Court takes care to note that plaintiff has *not* alleged that Lebo, Breland, or Wheat themselves ever gave visitors access to the equipment to watch prisoners undress, take showers, or

---

[5] Lebo, Breland, and Wheat were sued in only their individual capacities. Rec. Doc. 2, pp. 1 and 5.

use the bathroom.  Such an allegation would present a significantly different and more serious issue that the Court need not, and does not, address in this lawsuit.[6]

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss is **GRANTED** and that plaintiff's federal civil rights claims against Gerald Lebo, Damon Breland, and Don Wheat are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-ninth day of October, 2012.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The Court notes in passing that it cannot conceive of any legitimate penological interest which would be advanced by giving visitors access to surveillance equipment enabling them to watch prisoners undress, take showers, or use the bathroom.  **If others at the prison are in fact granting such access to visitors, it seems that defense counsel would be wise to advise prison officials to discontinue that practice immediately.**

4